**LA Cachette Du Coin LLC v 625 Rogers 2018 LLC**

2026 NY Slip Op 30744(U)

February 26, 2026

Supreme Court, Kings County

Docket Number: Index No. 544979/2025

Judge: Reginald A. Boddie

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Commercial Part 12 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Borough of Brooklyn, City and State of New York on the 26th day of February 2026.

P R E S E N T :
Honorable Reginald A. Boddie
Justice, Supreme Court
------------------------------------------------------------------------x
LA CACHETTE DU COIN LLC,

               Plaintiff,

          -against-

625 ROGERS 2018 LLC,

               Defendant.
------------------------------------------------------------------------x

Index No. 544979/2025

Cal. No. 18     MS 1

**Decision and Order**

The following e-filed papers read herein:         NYSCEF Doc Nos.
MS 1                                   2-18, 20-30

Plaintiff's motion for a *Yellowstone* injunction is decided as follows:

## Background

This action arises out of a mechanic's lien filed by the plaintiff commercial tenant's contractor and the defendant landlord's subsequent issuance of a notice to cure asserting that the lien constituted a default under the parties' commercial lease. On November 5, 2025, plaintiff's contractor filed a Notice of Mechanic's Lien with the Kings County Clerk, alleging that plaintiff agreed to pay a total contract price of $484,000 and that an outstanding balance of $234,000 remained due. By letter dated November 10, 2025, defendant served plaintiff with a Notice of Default and Demand to Discharge Lien, asserting that the filing of the lien violated Article 30 of the lease and demanding that plaintiff discharge or bond the lien within thirty days. Following

1

[* 1]

expiration of that 30-day period, defendant served plaintiff, by letter dated December 15, 2025, with a "Notice of Continued Default/Failure to Cure," advising that plaintiff's failure to discharge or bond the lien constituted an additional material breach of the lease and directing plaintiff to cure the default within ten days or face termination of the tenancy. It is undisputed that plaintiff did not discharge or bond the lien.

On December 23, 2025, plaintiff commenced a special proceeding pursuant to Lien Law § 19 in this Court, titled *La Cachette Du Coin LLC and Eva Volmar v. Wharton Smith Construction Group Corp.*, Index No. 544777/2025, asserting that the contractor failed to credit prior payments and that the lien amount was excessive. Defendant contends, however, that the lien expressly credited plaintiff's payments totaling $250,000 and accurately reflected the remaining balance claimed due. By Decision and Order dated February 5, 2026, Honorable Francois A. Rivera denied plaintiff's petition pursuant to "22 NYCRR 202.27 … for plaintiff's failure to appear for oral argument" (NYSCEF Doc No. 29).

Plaintiff now moves by order to show cause for a *Yellowstone* injunction and temporary restraining order tolling the cure period contained in the defendant landlord's December 15, 2025 Notice to Cure and enjoining defendant from terminating the commercial lease or commencing eviction proceedings while this action is litigated. Plaintiff argues that the alleged default that arises from a mechanic's lien filed by its contractor does not constitute a lease breach, that the notice was improperly issued, and that immediate injunctive relief is necessary to preserve the status quo because the cure period would otherwise expire before judicial review. Plaintiff further asserts that it satisfies all *Yellowstone* requirements because it holds a commercial lease, timely sought relief before expiration of the cure period, and is ready, willing, and able to cure by discharging the lien, as demonstrated by its pending Lien Law §19 proceeding.

2

[* 2]

In opposition, defendant argues that plaintiff is not entitled to a *Yellowstone* injunction because plaintiff materially breached the lease by allowing a mechanic's lien to be filed and then failing to discharge or bond it within the lease-mandated 30-day cure period, causing the lease to terminate before plaintiff sought injunctive relief. Defendant contends the motion is untimely since the *Yellowstone* application was filed only after expiration of the cure period and alleged termination date, thereby depriving the Court of authority to grant relief. Defendant further asserts that plaintiff cannot satisfy the required showing of readiness and ability to cure because the tenant neither paid nor bonded the $234,000 lien, relied solely on a lien-discharge proceeding that was later denied for failure to appear, and has provided no evidence of financial ability or alternative means to remove the lien.

### Discussion

"A *Yellowstone* injunction maintains the status quo so that a commercial tenant, when confronted by a threat of termination of its lease, may protect its investment in the leasehold by obtaining a stay tolling the cure period so that upon an adverse determination on the merits the tenant may cure the default and avoid a forfeiture of the lease (*JT Queens Carwash, Inc. v 88-16 N.-Blvd., LLC*, 101 AD3d 1089, 1089-90 [2d Dept 2012] [citation and internal quotation marks omitted]). "To obtain a *Yellowstone* injunction, the tenant must demonstrate that (1) it holds a commercial lease, (2) it received from the landlord either a notice of default, a notice to cure, or a threat of termination of the lease, (3) it requested injunctive relief prior to both the termination of the lease and the expiration of the cure period set forth in the lease and the landlord's notice to cure, and (4) it is prepared and maintains the ability to cure the alleged default by any means short of vacating the premises" (*id.* at 1090).

Here, plaintiff did not commence the present action or seek *Yellowstone* relief until December 26, 2025, after expiration of the contractual cure period calculated from the November

3

[* 3]

10, 2025 notice directing plaintiff to discharge or bond the mechanic's lien within thirty days pursuant to the commercial lease. It is undisputed that plaintiff failed to remove or bond the lien within that period. "There is no basis for a *Yellowstone* injunction where it is sought after the expiration of the period to cure or after the service of the notice of termination" (*King Party Ctr. of Pitkin Ave., Inc. v Minco Realty, LLC*, 286 AD2d 373, 374 [2d Dept 2001] [citations omitted]). Accordingly, because plaintiff failed to seek injunctive relief prior to expiration of the operative cure period, the Court lacks authority to toll the default retroactively.

Moreover, plaintiff has failed to demonstrate that it possesses the willingness and present ability to cure the alleged default. "A plaintiff demonstrates that it has the desire and ability to cure its alleged default by indicating in its motion papers that it is willing to repair any defective condition found by the court and by providing proof of the substantial effort it has already made in addressing the default listed on the notice to cure" (*146 Broadway Assoc., LLC v Bridgeview at Broadway, LLC*, 164 AD3d 1193, 1194-95 [2d Dept 2018] [citation omitted]). Here, plaintiff neither satisfied the lien nor posted a bond as expressly required by the lease. Instead, plaintiff relied solely upon commencement of a Lien Law § 19 proceeding seeking judicial discharge of the lien. Notably, that proceeding has been denied due to plaintiff's failure to appear for oral argument. Additionally, plaintiff has offered no proof of financial capacity to satisfy or bond the lien, nor any concrete plan by which the default could be cured within a reasonable period of time.

4

[* 4]

## Conclusion

Based on the foregoing, plaintiff's motion for a *Yellowstone* injunction is denied. Any arguments not expressly addressed herein were considered and deemed to be without merit or unnecessary to address given the court's determination.

ENTER:

_____

Honorable Reginald A. Boddie

Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.

[* 5]